```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


LARRY McCOWN,                      :
          Petitioner,              :
                                   :              PRISONER
     v.                            :   Case No. 3:11cv207(AWT)
                                   :
PETER J. MURPHY,                   :
          Respondent.              :
```

### RULING ON RESPONDENT'S MOTION TO DISMISS

Petitioner Larry McCown, an inmate confined at the MacDougall-Walker Correctional Center in Suffield, Connecticut, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for murder as an accessory, conspiracy to commit murder, attempt to commit murder and possession of a weapon in a motor vehicle. The respondent moves to dismiss the petition on the grounds that the petition is time-barred. For the reasons that follow, the motion to dismiss is being denied.

The respondent moves to dismiss the petition as untimely filed. Federal habeas corpus statutes impose a one year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court. See 28 U.S.C. § 2244(d)(1) (2000). The limitations period begins upon the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be

tolled for the period during which a properly filed state habeas petition is pending.  See 28 U.S.C. § 2244; Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001).

The Connecticut Supreme Court denied certification on the petitioner's direct appeal on May 29, 2002.  See State v. McCown, 260 Conn. 927 (2002).  The limitations period commenced on August 29, 2002, at the expiration of the ninety-day period during which McCown could have, but did not, file a petition for certiorari in the United States Supreme Court.  See Williams v. Artuz, 237 F.3d at 151 (the limitations period specified in 28 U.S.C. § 2244(d)(1)(A) commences at the completion of certiorari proceedings in the United States Supreme Court or at the conclusion of the time within which a petition for certiorari could have been filed).

The limitations period was tolled thirty-four days later, on October 2, 2002, when McCown filed a petition for writ of habeas corpus in state court.  See McCown v. Warden, State Prison, No. TSR-CV02-0820397-S.  On December 10, 2003, this petition was consolidated with a second state habeas action, No. TSR-CV03-0004172-S.  Judgment was entered denying the consolidated petition on March 1, 2007.  The denial was affirmed on appeal. See McCown v. Commissioner of Correction, 113 Conn. App. 117 (2009).  While the appeal was pending, McCown filed a third state habeas action, No. TSR-CV07-4001974-S.  McCown filed his appeal

of the denial of the third state habeas on July 3, 2011.  The appeal remains pending.

McCown has used only thirty-four days of the limitations period.  Accordingly, the respondent's motion to dismiss (**Doc. No. #8)** is hereby **DENIED**.  The respondent is directed to address the petition on the merits.  The response shall be filed on or before **October 11, 2011.**

It is so ordered

Dated this 8th day of September 2011 at Hartford, Connecticut.

                                                /s/AWT
                                      Alvin W. Thompson
                              United States District Judge